**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

CHARLES ALEXANDER/RYAHIM
ADC #111057                                                                                          PLAINTIFF

V.                                          4:09CV00681-WRW

BERWIN MONROE *et al.*                                                                      DEFENDANTS

**ORDER**

Plaintiff, an inmate incarcerated in the Tucker Unit of the Arkansas Department of Correction, filed a *pro se* Complaint (Doc. No. 2), pursuant to 42 U.S.C. § 1983, accompanied by an Application to Proceed *In Forma Pauperis* (Doc. No. 1). Pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), the Court orders that Plaintiff's claims be dismissed.

The three-strikes provision of the PLRA requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of this three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Plaintiff has well exceeded his limit of three meritless causes of action. During Plaintiff's incarceration, he has filed nine 42 U.S.C. § 1983 complaints in United States District Court for the Eastern District of Arkansas. Of these, at least three have been dismissed as frivolous or failure to state a claim.[1] In the instant Complaint, Plaintiff makes nearly identical allegations he made

---

[1] *Alexander/Ryahim v. Daniels*, 5:03CV00181 JMM (dismissed as frivolous and assessed a strike, without appeal); *Alexander/Ryahim v. Monroe*, 4:07CV01063 JLH (dismissed as

unsuccessfully on two prior occasions. In *Alexander/Ryahim v. Langston*, 4:06CV00845 SWW, the court dismissed Plaintiff's claims as barred by *res judicata* because the court had already dismissed these claims in *Alexander/Ryahim v. Monroe*, 4:07CV01063 JLH, *aff'd.* 08-1281 (8th Cir. May 13, 2009).

Plaintiff has failed to make a showing that he should be relieved from the three-strikes provision because of imminent danger of serious physical injury. To qualify for the imminent danger exception to the three-strikes provision, a plaintiff must allege facts that establish conditions involving imminent danger of serious bodily injury at the time of filing the complaint. *McAlphin v. Toney,* 281 F.3d 709 (8th Cir. 2002). Plaintiff's sweeping allegations, no different from previously alleged on two prior occasions, fail to establish a situation of imminent danger to Plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE and his Motion for Leave to Appeal *In Forma Pauperis* is DENIED. Should Plaintiff, within ten (10) days of the date of entry of this Order, submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the case style and number, his case may be re-opened. All pending motions are DENIED as moot.

DATED this 14th day of September, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

frivolous and assessed a strike), *aff'd.* 08-1281 (8th Cir. May 13, 2009); *Alexander/Ryahim v. Langston*, 4:06CV00845 SWW (dismissed as frivolous and assessed a strike), appeal dismissed on Plaintiff's motion in case no. 06-3940 (8th Cir. April 23, 2007).